NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SHILO INN, SEASIDE OCEANFRONT, LLC, (Judgment Creditor/Garnishor), <br><br> Plaintiff - Appellant, <br><br> v. <br><br> MARYLAND CASUALTY COMPANY, a foreign insurance company, <br><br> Garnishee - Appellee, <br><br> JAMES GRANT, (Judgment Debtor), DBA J. Grant & Associates, DBA TouchStone Granite & Marble, <br><br> Defendant - Appellee. | No. 09-35839 <br><br> D.C. No. 3:08-cv-00618-BR <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted November 1, 2010
Portland, Oregon

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:   W. FLETCHER and FISHER, Circuit Judges, and BURY, District Judge.[**]

Shilo Inn, Seaside Oceanfront, LLC, appeals from the judgment entered in favor of Maryland Casualty Company.  After James Grant negligently installed granite tub surrounds on Shilo's property, Shilo obtained an arbitration award and civil judgment against Grant.  Shilo then filed this garnishment action against Maryland Casualty, which had issued Grant a commercial general liability insurance policy in effect at the time of Grant's faulty work.  The district court granted Maryland Casualty's motion for summary judgment.  We affirm.

Under the insurance policy, Maryland Casualty agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' to which this insurance applies."  The insurance applies only if the "'property damage' occurs during the policy period."  "Property damage" is defined as "[p]hysical injury to tangible property."  Thus, to trigger coverage, Shilo was required to show physical injury to tangible property occurring during the policy period.  *See St. Paul Fire & Marine Ins. Co. v. McCormick & Baxter Creosoting Co.*, 923 P.2d 1200, 1210 (Or. 1996) ("If *property* is injured during the

_____

[**]The Honorable David C. Bury, United States District Judge for the District of Arizona, sitting by designation.

2

policy period, there has been an 'occurrence,' and coverage under the policy is triggered.").

Here, Shilo contends that it suffered physical injury to tangible property because water intruded from the tub surrounds, damaging the sheet rock and framing studs behind the granite. Shilo, however, has not presented any evidence that this damage occurred *during the policy period*, which ended on June 1, 2003. At Shilo's Rule 30(b)(6) deposition, David Steiner testified that customers did not begin to use the rooms until June 2003, after Grant walked off the job on June 5 and another contractor performed mitigation work on the rooms. This evidence is uncontroverted by Shilo.

Shilo's reliance on *St. Paul* is misplaced. In *St. Paul*, the Oregon Supreme Court held that coverage is triggered by the occurrence of property damage, defined here as physical injury to tangible property, even if the damage is not discovered until later. *See id.* at 1211. *St. Paul* did not hold that mere installation of a defective product, without resulting physical injury to property during the policy period, triggers coverage.

Summary judgment was therefore properly granted.

**AFFIRMED.**